UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                    Case No. 8:04-cr-562-T-30MAP

**JORGE LUIS BLANCO-PULGARIN**
_____

## ORDER

This cause came on for consideration without oral argument upon Petitioner's Motion to Intervene and Defend (**Dkt. #139**), Petitioner's Motion for Return of Property (**Dkt. #140**), and the Government's Response (Dkt. #143) thereto. Petitioner seeks the return of his seized property, to wit:

> $1,000 in U. S. Currency
> One watch
> Personal belongings
> Colombia IDs

After review, the Court determines that the Petition should be granted as to the watch, personal belongings and Colombia IDs and denied as to the U. S. currency.

In November, 2004, a federal grand jury charged JORGE LUIS BLANCO-PULGARIN ("Blanco-Pulgarin") with two drug offenses while on board a vessel subject to the jurisdiction of the United States in violation of 46 App. U.S.C. §§ 1903(a)&(g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). The indictment included forfeiture allegations for all proceeds of the conspiracy as well as property used or intended to be used to facilitate

the commission of the conspiracy. Specifically, the indictment alleged the property sought to be forfeited as being $3,500 in U. S. Currency and 50,020 Colombian Pesos.

On December 10, 2004, the Government filed a Bill of Particulars alleging that $13,280 U. S. Currency and 541,126 Colombian Pesos found on board the boat were subject to forfeiture and formed the basis of the allegations set forth in the forfeiture section of the indictment. These amounts included all U. S. Currency and Colombian Pesos found on the boat and the five (5) defendants. On December 22, 2004, the United States filed a Notice of Essential Elements, Penalty, and Factual Basis as to all defendants that had been aboard the vessel, stating that the defendants were observed by the U. S. Coast Guard throwing bales of cocaine into the ocean. The Factual Basis further stated that, upon boarding the vessel, the United States Coast Guard recovered approximately sixty-two (62) bales of cocaine, weighing approximately 1550 kilograms, $13,280 in U. S. Currency found on the boat, 541,126 Colombian Pesos, and various electronic equipment. On January 13, 2005, Defendant Blanco-Pulgarin pled guilty in open Court to both counts of the indictment, and on February 1, 2005, the Court accepted his plea and rendered an adjudication of guilty.

On March 25, 2005, the United States filed a motion for preliminary order of forfeiture as to Defendant Blanco-Pulgarin and his co-defendants seeking a forfeiture of all currency and various electronic equipment. Defendant Blanco-Pulgarin did not oppose or respond to the Order for preliminary order of forfeiture. On March 28, 2005, the District Court entered a preliminary order of forfeiture as to $13,280 in U. S. Currency, 541,126

Colombian Pesos, and various electronic equipment, forfeiting Defendant Blanco-Pulgarin's right, title and interest in those assets.

On April 28, 2005, Defendant Blanco-Pulgarin was sentenced to fifty-seven (57) months' incarceration. The Judgment also incorporated the preliminary order of forfeiture as the final order of forfeiture as to Defendant Blanco-Pulgarin. Defendant Blanco-Pulgarin did not appeal the preliminary order of forfeiture or the Final Judgment.

On August 5, 2005, Defendant Blanco-Pulgarin filed the instant motions (**Dkts. #139, #140**) for return of a portion of the currency, to wit: $1,000 in U. S. Currency, one watch, personal belongings, and his Colombian IDs. In his motions, Defendant Blanco-Pulgarin argues that the seized property was not specifically listed in the indictment and that he had not been notified of any forfeiture action.

To the contrary, Defendant Blanco-Pulgarin was notified many times of the Government's intent to seek forfeiture of the U. S. Currency. Notice was included in the indictment, Bill of Particulars, Motion for Preliminary Order of Forfeiture, and was addressed by the Court at his sentencing. Any objections he had to the forfeiture of the currency should have been made upon the entry of the motion for preliminary order of forfeiture, or at sentencing when the preliminary order of forfeiture became final as to his interest. If his rights were violated in some manner, Blanco-Pulgarin should have addressed the issue in a timely notice of appeal. Blanco-Pulgarin was advised at sentencing that he had ten (10) days within which to file his notice of appeal. He chose not to file an appeal. It is

now inappropriate for this Court to exercise jurisdiction to review a forfeiture matter that is now final.  See United States v. Eubanks, 169 F.3d 672 (11th Cir. 1999).

The Government does not oppose the request of Blanco-Pulgarin to have his watch, personal belongings[1] and Colombia IDs returned.  Therefore, this Court exercises equitable jurisdiction over Defendant's motions (**Dkts. #139, #140**) and directs the Government to return the watch, personal belongings and Colombia IDs to Blanco-Pulgarin within thirty (30) days of the date of this Order.  In all other respects, the motions of Blanco-Pulgarin are DENIED.

**DONE** and **ORDERED** in Tampa, Florida on August 16, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2004\04-cr-562.Return Property Pulgarin.wpd

---

[1] The Defendant's claim for the return of "personal belongings" is vague.  However, the United States has agreed to return any seized property of the Defendant's that was not previously forfeited.